

|  | **THE CITY OF NEW YORK** |  |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MAX MCCANN**<br>*Assistant Corporation Counsel*<br>Phone: (212) 788-0861<br>Fax: (212) 788-9776<br>mmccann@law.nyc.gov |

September 28, 2010

**VIA ECF AND HAND DELIVERY**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   <u>Alicia Colon v. City of New York, et al.</u>, 10-CV-2661 (CBA)(SMG)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York and Officer Ryan ("defendants") in the above-referenced matter.

    By correspondence dated September 17, 2010, the undersigned respectfully informed the Court that the parties had reached an agreement to settle this matter without further litigation. To that end, enclosed herein please find a fully executed Stipulation of Settlement and Order of Dismissal for the Court's endorsement.

    Thank you for your consideration herein.

Respectfully submitted,

/s/

Max McCann
*Assistant Corporation Counsel*

Enc.

cc:   Honorable Steven M. Gold (via ECF)
       Robert Marinelli, Esq. (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ALICIA COLON,

                                       Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM RYAN (Shield No. 30855), POLICE
OFFICER JOHN DOE,

                                     Defendants.
----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10-CV-2661 (CBA)(SMG)

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about June 10, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

      2.    Defendant City of New York hereby agrees to pay plaintiff Alicia Colon the sum of Seven Thousand ($7,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum,

plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and Officer William Ryan regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       9/27/10, 2010

ROBERT MARINELLI
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007

By: _____
Robert Marinelli
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City and Ryan*
100 Church Street, Rm. 3-216
New York, New York 10007
(212) 788-0861

By: _____
Max McCann
*Assistant Corporation Counsel*


SO ORDERED:

_____
HON. CAROL B. AMON
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
    September _____, 2010

3